IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| MAXCHIEF INVESTMENTS LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| | ) JURY TRIAL REQUESTED |
| WOK & PAN, IND., INC., | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR DECLARATION OF NONINFRINGEMENT
AND INVALIDITY OF PATENTS

Plaintiff Maxchief Investments Limited ("Maxchief"), for its Complaint against Defendant Wok & Pan, Ind., Inc. ("Wok & Pan") alleges as follows:

PARTIES

1. Plaintiff Maxchief Investments Limited is an international business entity registered in the British Virgin Islands with a principal place of business in XiaoBian Village, ChangAn Town, DongGuan City, Guangdong Province, China, 523851.

2. On information and belief Defendant, Wok & Pan Ind., Inc., is a Chinese corporation, having a principal place of business at Tangja Village, Gonming Town, Bao'an Dist., Shenzhen City, Guangdong Province, China, 518132.

JURISDICTION

3. Counts I-III of this action are for declarations of noninfringement and invalidity of patents under Title 35 of the United States Code. Subject matter jurisdiction for Counts I-III is conferred on this court by 28 U.S.C. §§ 1338, 2201 and 2202.

1

4. This court has personal jurisdiction over Wok & Pan. On information and belief, Wok & Pan now has and at all times relevant hereto has had substantial contacts with the State of Tennessee in connection with the development, sale, and/or offering for sale of folding tables asserted by Wok & Pan to be covered by one or more of U.S. Patent Nos. 5,957,061 (the "'061 patent"), 8,881,661 (the "'661 patent"), and 8,931,421 (the "'421 patent), which are the subject of this action. In particular, on information and belief, Wok & Pan has conducted substantial, systematic, and continuous business with and shipped such folding tables to at least Orgill, Inc. in the State of Tennessee. Additionally, Wok & Pan has made objectively baseless and bad faith patent infringement threats regarding products manufactured by Maxchief and distributed by Maxchief's customer, Meco Corporation (hereinafter "Meco"), which has its headquarters in Greeneville, Tennessee, despite Maxchief having provided Wok & Pan with detailed reasons why the Meco products do not infringe any claims of the '061, '661, and '421 patents. Additionally, Wok & Pan continues to prosecute its objectively baseless and bad faith infringement claims against Staples, Inc., one of Meco's significant customers, concerning the Meco products despite Maxchief's detailed presentation of non-infringement and invalidity defenses to Wok & Pan.

5. Venue is proper in this district under: 28 U.S.C. §§ 1391(b)(3) and 1400(b) because Defendant Wok & Pan is subject to jurisdiction in this District and is therefore deemed to reside in this District; 28 U.S.C. §§ 1391(c)(3) because Wok & Pan is a foreign corporation; and 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to Maxchief's claim occurred in this District.

## BACKGROUND

6. Continuously since at least the early 2000's, Maxchief has been and is now engaged in the business of designing, manufacturing, and selling plastic folding tables. One such folding table is Maxchief's model BT-06FM table.

7. Since at least 2008, Maxchief has been and is now selling the BT-06FM table to Meco. Meco is the exclusive distributor of the BT-06FM table in the United States. Meco sells the BT-06FM table under its model number UT-18 (the "UT-18 Table"). A Photograph of the UT-18 Table packaging is attached as Exhibit A. Meco sells the UT-18 Table directly through its website at www.mecofurniture.com and it also sells and distributes the UT-18 Table to a number of third party retailer customers in the United States.

8. On September 28, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,957,061, entitled "Banquet Table" (the "'061 patent"). Wok & Pan asserts that it is the owner of the '061 patent.

9. On November 11, 2014, the United States Patent and Trademark Office issued United States Patent No. 8,881,661, entitled "Foldable Table" (the "'661 patent"). Wok & Pan asserts that it is the owner of the '661 patent.

10. On January 13, 2015, the United States Patent and Trademark Office issued United States Patent No. 8,931,421, entitled "Foldable Table" (the "'421 patent"). Wok & Pan asserts that it is the owner of the '421 patent.

11. Wok & Pan has alleged that the UT-18 Table manufactured by Maxchief and distributed by Meco infringes one or more claims of the '061, '661, and '421 patents.

12. Maxchief denies the allegations of Wok & Pan that the UT-18 Table falls under any of the claims of the '061, '661, and '421 patents.

13. Maxchief further contends that the '061, '661, and '421 patents are invalid.

14. In connection with its arguments that the UT-18 Table infringes the '061, '661, and '421 patents, Wok & Pan filed suit against one of Meco's retailer customers, Staples, Inc. ("Staples"), on February 4, 2015, in the United States District Court for the Central District of California under Civil Action No. CV15-00809 AB (ASx) (hereinafter "the Customer Action") alleging, among other things, that Staples' sale of Meco's UT-18 Table infringes the '061, '661, and '421 patents. In the Customer Action, Wok & Pan seeks, among other things, a "permanent injunction" against Staples and its "dealers and distributors" and "all those in active concert" with Staples.

15. As shown in Exhibit A, the UT-18 Table is clearly marked with Meco's name and address. The UT-18 Table is not marked with Staples' name. Also, Wok & Pan is currently aware and, on information and belief, was aware at the time it filed suit against Staples that the UT-18 Table is manufactured by Maxchief. Among other reasons, the UT-18 Table is clearly marked with numerous patents owned by Maxchief. Nevertheless, Wok & Pan chose not to sue Maxchief, the manufacturer of the UT-18 Table, or Meco, the exclusive U.S. distributor of the UT-18 Table, but instead chose to sue a third party retailer customer in an apparent attempt to obtain a litigation advantage by forum shopping.

16. Maxchief is not subject to personal jurisdiction in the United States District Court for the Central District of California.

## COUNT I - DECLARATION OF NONINFRINGEMENT AND/OR INVALIDITY OF U.S. PATENT NO. 5,957,061

17. Maxchief hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count I states as follows:

18. The acts of Wok & Pan as alleged herein including, but not limited to, Wok & Pan's allegations that the UT-18 Table manufactured by Maxchief infringes the '061 patent and its suit against Staples in the Customer Action, all arising from the manufacture, use, sale and/or offer of sale of the UT-18 Table, have created a present and actual controversy between Maxchief and Wok & Pan concerning the matter of whether at least the UT-18 Table infringes one or more of the claims of the '061 patent and whether the '061 patent is invalid.

19. The manufacture, use, sale and offer of sale of the UT-18 Table and any and all other folding tables manufactured by Maxchief does not infringe any of the claims of the '061 patent.

20. The claims of the '061 patent are invalid for failing to meet the criteria of patentability set forth in Title 35 of the United States Code (the Patent Act) including, but not limited to, the criteria of §§ 102, 103, and 112 thereof.

## COUNT II - DECLARATION OF NONINFRINGEMENT AND/OR INVALIDITY OF U.S. PATENT NO. 8,881,661

21. Maxchief hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count II states as follows:

22. The acts of Wok & Pan as alleged herein including, but not limited to, Wok & Pan's allegations that the UT-18 Table manufactured by Maxchief infringes the '661 patent and its suit against Staples in the Customer Action, all arising from the manufacture, use, sale and/or offer of sale of the UT-18 Table, have created a present and actual controversy between

Maxchief and Wok & Pan concerning the matter of whether at least the UT-18 Table infringes one or more of the claims of the '661 patent and whether the '661 patent is invalid.

23. The manufacture, use, sale and offer of sale of the UT-18 Table and any and all other folding tables manufactured by Maxchief does not infringe any of the claims of the '661 patent.

24. The claims of the '661 patent are invalid for failing to meet the criteria of patentability set forth in Title 35 of the United States Code (the Patent Act) including, but not limited to, the criteria of §§ 102, 103, and 112 thereof.

### COUNT III - DECLARATION OF NONINFRINGEMENT AND/OR INVALIDITY OF U.S. PATENT NO. 8,931,421

25. Maxchief hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count III states as follows:

26. The acts of Wok & Pan as alleged herein including, but not limited to, Wok & Pan's allegations that the UT-18 Table manufactured by Maxchief infringes the '421 patent and its suit against Staples in the Customer Action, all arising from the manufacture, use, sale and/or offer of sale of the UT-18 Table, have created a present and actual controversy between Maxchief and Wok & Pan concerning the matter of whether at least the UT-18 Table infringes one or more of the claims of the '421 patent and whether the '421 patent is invalid.

27. The manufacture, use, sale and offer of sale of the UT-18 Table and any and all other folding tables manufactured by Maxchief does not infringe any of the claims of the '421 patent.

28. The claims of the '421 patent are invalid for failing to meet the criteria of patentability set forth in Title 35 of the United States Code (the Patent Act) including, but not limited to, the criteria of §§ 102, 103, and 112 thereof.

6

## PRAYER FOR RELIEF

WHEREFORE, Maxchief prays for relief from the court as follows:

1. That the court declare that the manufacture, use, sale and offer of sale of the UT-18 Table and any and all other folding tables manufactured by Maxchief does not infringe any of the claims of the '061 patent.

2. That the court declare the '061 patent invalid.

3. That the court declare that the manufacture, use, sale and offer of sale of the UT-18 Table and any and all other folding tables manufactured by Maxchief does not infringe any of the claims of the '661 patent.

4. That the court declare the '661 patent invalid.

5. That the court declare that the manufacture, use, sale and offer of sale of the UT-18 Table and any and all other folding tables manufactured by Maxchief does not infringe any of the claims of the '421 patent.

6. That the court declare the '421 patent invalid.

7. That the court enjoin and restrain Wok & Pan from and against threatening or filing or prosecuting any court actions against persons or entities making, using and/or selling the UT-18 Table and any and all other folding tables manufactured by Maxchief including, but not limited to, enjoining Wok & Pan from and against prosecuting the Customer Action until final disposition of this action.

8. That the court award Maxchief its reasonable attorneys' fees, costs, and expenses.

9. That Maxchief have such other and further relief as the court deems just.

Plaintiff demands a jury to try the issues joined.

June 1, 2015                                    Respectfully submitted,


                                                s/Michael J. Bradford
                                                LUEDEKA NEELY GROUP, P.C.
                                                Mark P. Crockett
                                                TN BPR No. 19,352
                                                Michael J. Bradford
                                                TN BPR No. 22,689
                                                P.O. Box 1871
                                                Knoxville, TN 37901
                                                Telephone: 865-546-4305
                                                Facsimile: 865-523-4478
                                                Email: MCrockett@Luedeka.com
                                                Email: MBradford@Luedeka.com

                                                *Attorneys for Maxchief Investments Limited*