IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| MAXCHIEF INVESTMENTS LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:15-CV-153 |
| | ) |
| | ) JURY TRIAL REQUESTED |
| WOK & PAN, IND., INC., | ) |
| | ) |
| Defendant. | ) |

### FIRST AMENDED COMPLAINT FOR DECLARATION OF NONINFRINGEMENT AND INVALIDITY OF PATENTS, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

Plaintiff Maxchief Investments Limited ("Maxchief"), for its Complaint against Defendant Wok & Pan, Ind., Inc. ("Wok & Pan") alleges as follows:

### PARTIES

1. Plaintiff Maxchief Investments Limited is an international business entity registered in the British Virgin Islands with a principal place of business in XiaoBian Village, ChangAn Town, DongGuan City, Guangdong Province, China, 523851.

2. On information and belief Defendant, Wok & Pan Ind., Inc., is a Chinese corporation, having a principal place of business at Tangja Village, Gonming Town, Bao'an Dist., Shenzhen City, Guangdong Province, China, 518132.

### JURISDICTION

3. This an action for declarations of noninfringement and invalidity of patents under Title 35 of the United States Code, for unfair competition under the Lanham Act, 15 USC § 1051, et. seq.; and for tortious interference with business relationships. Subject matter

1

jurisdiction is conferred on this court by 28 U.S.C. §§ 1338, 2201 and 2202, and under this Court's pendent jurisdiction over related state claims arising under the same operative facts and circumstances pursuant to 28 U.S.C. § 1367.

4. This court has personal jurisdiction over Wok & Pan. On information and belief, Wok & Pan now has and at all times relevant hereto has had substantial contacts with the State of Tennessee in connection with the development, sale, and/or offering for sale of folding tables asserted by Wok & Pan to be covered by one or more of U.S. Patent Nos. 5,957,061, 8,881,661, 8,931,421, and 9,089,204 which are the subject of this action. In particular, on information and belief, Wok & Pan has conducted substantial, systematic, and continuous business with and shipped such folding tables to at least Orgill, Inc. in the State of Tennessee. Additionally, Wok & Pan has made objectively baseless and bad faith patent infringement threats regarding products manufactured by Maxchief and distributed by one of Maxchief's biggest customers, Meco Corporation (hereinafter "Meco"), which has its headquarters in Greeneville, Tennessee, despite Maxchief having provided Wok & Pan with detailed reasons why the Meco products do not infringe any claims of Wok & Pan's patents. Additionally, Wok & Pan continues to maintain its objectively baseless and bad faith infringement claims against Staples, Inc., one of Meco's significant customers, concerning the Meco products despite Maxchief's detailed presentation of non-infringement and invalidity defenses to Wok & Pan. Furthermore, Wok & Pan's counsel has sent letters into this District including threats to initiate litigation for patent infringement concerning Maxchief folding tables.

5. Venue is proper in this district under: 28 U.S.C. §§ 1391(b)(3) and 1400(b) because Defendant Wok & Pan is subject to jurisdiction in this District and is therefore deemed to reside in this District; 28 U.S.C. §§ 1391(c)(3) because Wok & Pan is a foreign corporation;

and 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to Maxchief's claim occurred in this District.

6. Furthermore, Maxchief has long-standing connections to this District. As noted, one of Maxchief's biggest customers, Meco Corporation, is located in Greeneville, Tennessee. Maxchief regularly travels to this District to meet with Meco Corporation. Also, Maxchief has utilized a table designer from this District to design some of its folding tables and the table designer is named as an inventor on patents owned by Maxchief. Furthermore, Maxchief has utilized intellectual property counsel located in this District for over a decade.

## BACKGROUND

7. On September 28, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,957,061, entitled "Banquet Table" (the "'061 patent"). Wok & Pan asserts that it is the owner of the '061 patent.

8. On November 11, 2014, the United States Patent and Trademark Office issued United States Patent No. 8,881,661, entitled "Foldable Table" (the "'661 patent"). Wok & Pan asserts that it is the owner of the '661 patent.

9. On January 13, 2015, the United States Patent and Trademark Office issued United States Patent No. 8,931,421, entitled "Foldable Table" (the "'421 patent"). Wok & Pan asserts that it is the owner of the '421 patent.

10. On July 28, 2015, the United States Patent and Trademark Office issued United States Patent No. 9,089,204, entitled "Foldable Table" (the "'204 patent"). Wok & Pan asserts that it is the owner of the '204 patent

11. Continuously since at least the early 2000's, Maxchief has been and is now engaged in the business of designing, manufacturing, and selling plastic folding tables.

12. Wok & Pan is a competitor of Maxchief and is also in the business of selling plastic folding tables.

13. Since late 2014, Wok & Pan has engaged in a campaign to actively harass Maxchief's customers with objectively and subjectively baseless claims for patent infringement in an attempt to gain an unfair business advantage.

14. On October 8, 2014, counsel for Wok & Pan sent a letter to Ace Hardware Corporation of Oak Brook, Illinois ("Ace"), asserting that a plastic folding table with model no. 8315095 sold by Ace (the "Ace Table") infringed on the '061 patent as well as U.S. Patent No. 7,140,308 (the "'308 patent"), which Wok & Pan also asserted to own, and requesting immediate cessation of further sales of the Ace Table.

15. The '308 patent expired on November 28, 2010 due to non-payment of maintenance fees. As such, at the time of Wok & Pan's letter to Ace, the '308 patent was not enforceable.

16. Maxchief is the manufacturer of the Ace Table. Maxchief sells the table to APEX Products, LLC ("APEX"), who then sells the table to retailers such as Ace.

17. On October 29, 2014, counsel for Maxchief responded to the October 8, 2014, letter to Ace with an explanation as to why the Ace Table does not infringe the '061 patent or the '308 patent and including a detailed claim chart in support. The letter also noted that the '308 patent expired in November 2010.

18. Neither Wok & Pan nor its counsel have responded to the October 29, 2014 letter.

19. Another of the folding tables sold by Maxchief is Maxchief's model BT-06FM table. Since at least 2008, Maxchief has been and is now selling the BT-06FM table to Meco. Meco is the exclusive distributor of the BT-06FM table in the United States. Meco sells the BT-

4

Case 2:15-cv-00153-JRG-MCLC   Document 23   Filed 09/02/16   Page 4 of 17   PageID #: 228

06FM table under its model number UT-18 (the "UT-18 Table"). A photograph of the UT-18 Table packaging is attached as Exhibit A. Meco sells the UT-18 Table directly through its website at www.mecofurniture.com and it also sells and distributes the UT-18 Table to a number of third party retailer customers in the United States.

20. On February 4, 2015, Wok & Pan filed suit against one of Meco's retailer customers, Staples, Inc. ("Staples"), in the United States District Court for the Central District of California under Civil Action No. CV15-00809 AB (ASx) (hereinafter "the Staples Action") alleging, among other things, that Staples' sale of Meco's UT-18 Table infringes the '061, '661, and '421 patents. In the Staples Action, Wok & Pan seeks, among other things, a "permanent injunction" against Staples and its "dealers and distributors" and "all those in active concert" with Staples.

21. As shown in Exhibit A, the UT-18 Table is clearly marked with Meco's name and address. The UT-18 Table is not marked with Staples' name. Also, Wok & Pan is currently aware and, on information and belief, was aware at the time it filed suit against Staples that the UT-18 Table is manufactured by Maxchief. Among other reasons, the UT-18 Table is clearly marked with numerous patents owned by Maxchief. Nevertheless, Wok & Pan chose not to sue Maxchief, the manufacturer of the UT-18 Table, or Meco, the exclusive U.S. distributor of the UT-18 Table, but instead chose to sue a third party retailer customer in an apparent attempt to damage Maxchief's business relationships and to obtain a litigation advantage by forum shopping.

22. Maxchief is not subject to personal jurisdiction in the United States District Court for the Central District of California.

23. Immediately after it learned of the lawsuit against its downstream customer Staples, on May 27, 2015, Maxchief's counsel wrote a letter to Wok & Pan's counsel and advised that Maxchief was the manufacturer of the UT-18 table. The letter also explained in detail how the patent infringement assertions against Staples were in error and included a detailed claim chart showing how the UT-18 table does not infringe the asserted patents. The letter also requested immediate dismissal of the Staples Action and explained "no judge or patent attorney experienced in the interpretation of patent claims would reasonably conclude that the UT-18 table infringes any of the claims of the asserted patents. The infringement assertions made against Staples are frivolous, and appear to have been made only to interfere with the business relationship between Staples and its supplier for the UT-18 table." The letter further advised Wok & Pan's counsel that the counsel and Wok & Pan would be subject to Rule 11 sanctions if the Staples Action was not dismissed.

24. The May 27, 2015, letter also included an exemplary order, invoice, and bill of lading showing that Maxchief had been selling and shipping the UT-18 table to Meco since at least 2008.

25. As explained in the May 27, 2015 letter, the earliest effective filing date for the '661 and '421 patents is November 1, 2012. As such, Maxchief's sales of the UT-18 table since 2008 constitute prior art to the '661 and '421 patents under 35 U.S.C. §102. Accordingly, in the extremely unlikely event the UT-18 table is found to infringe the claims of the '661 and '421 patents, the claims of those patents would be invalid based on Maxchief's pre-2012 sales of the UT-18 table.

26. Neither Wok & Pan nor its counsel have responded to the May 27, 2015 letter.

27. Thereafter, on June 1, 2015, Maxchief filed the original Complaint in the present action seeking declaratory judgment that the three patents asserted against Staples are invalid and that Maxchief's folding tables do not infringe the claims of the patents.

28. In view of the present action, Staples filed a motion to stay the Staples Action under the "customer suit" doctrine – *i.e.* "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). The motion was granted on August 25, 2015, and the Staples Action is currently stayed pending the final disposition of the present action.

29. In its decision on the motion to stay, the Court in the Staples Action explained:

> This patent infringement suit against a down-stream customer in a district where the manufacturer is not subject to personal jurisdiction is a clear-cut example of the sort of abuse the customer-suit exception is designed to avoid. The "true defendant" in this action is Maxchief, who is amenable to suit in Tennessee, but not subject to personal jurisdiction in this district. The [Tennessee] Action, therefore, "takes precedence over a suit by the patent owner against customers of the manufacturer," and this action must give way to the [Tennessee] Action.

30. On August 12, 2015, Wok & Pan's counsel sent a letter to The Coleman Company, Inc. of Wichita, Kansas asserting that folding tables with Coleman item nos. C11TM290 and C11TM785 (the "Coleman Tables") infringed the '061, '661, and '421 patents and requesting immediate cessation of further sales of the Coleman Tables.

31. On September 9, 2015, Maxchief's counsel responded to the August 12, 2015 letter and advised that Maxchief was the manufacturer of the Coleman Tables. The letter also explained in detail how the patent infringement assertions against Coleman were in error and included a detailed claim chart showing that the Coleman Tables do not infringe the asserted patents. Wok & Pan has not responded to Maxchief's noninfringement assertions.

7

32. The September 9, 2015, letter also explained that the Coleman Tables had been publicly sold in the United States since at least 2007. Again, the earliest effective filing date for the '661 and '421 patents is November 1, 2012. As such, sales of the Coleman tables since 2007 constitute prior art to the '661 and '421 patents under 35 U.S.C. §102. Accordingly, in the extremely unlikely event the Coleman tables are found to infringe the claims of the '661 and '421 patents, the claims of those patents would be invalid based on the pre-2012 sales of the Coleman Tables.

33. On October 31, 2015, Wok & Pan's counsel sent a letter to Samsonite, LLC of Mansfield, Massachusetts asserting that Samsonite's 7700 Series plastic folding tables (the "Samsonite Tables") infringed the '061, '661, '421, and '204 patents and requesting immediate cessation of further sales of the Samsonite Tables.

34. On January 13, 2016, Maxchief's counsel responded to the October 31, 2015 letter and advised that Maxchief was the manufacturer of the Samsonite Tables. The letter also explained in detail how the patent infringement assertions against Samsonite were in error and included a detailed claim chart showing that the Samsonite Tables do not infringe the asserted patents.

35. Neither Wok & Pan nor its counsel have responded to the January 13, 2016 letter.

36. On January 4, 2016, Wok & Pan sent a letter to Wal-Mart Stores, Inc. of Bentonville, Arkansas ("Wal-Mart") asserting that three tables sold by Wal-Mart infringed the '061, '661, '421, and '204 patents and requesting immediate cessation of further sales of the three tables. The allegedly infringing tables sold by Wal-Mart included an Office Star table with product identifier BT-06FQ as well as a Mainstays 6' Centerfold Table and a Cosco 6' Centerfold Table.

8

37. On January 21, 2016, Maxchief's counsel responded to the portions of the January 4, 2016 letter concerning the Cosco and Mainstays tables and advised that Maxchief was the manufacturer of both. Maxchief sells the tables to Ameriwood Industries of Wright City, Missouri ("Ameriwood"), who then sells the tables to retailers such as Wal-Mart. The letter also explained in detail how the patent infringement assertions against Wal-Mart concerning the Cosco and Mainstays tables were in error and included a detailed claim chart showing that the tables do not infringe the asserted patents.

38. Neither Wok & Pan nor its counsel have responded to the January 21, 2016 letter concerning the Cosco and Mainstays tables.

39. On January 21, 2016, Maxchief's counsel also separately responded to the portions of the January 4, 2016 letter concerning the Office Star BT-06FQ table and advised that Maxchief was the manufacturer of the table. The letter also explained in detail how the patent infringement assertions against Wal-Mart concerning the Office Star BT-06FQ table were in error and included a detailed claim chart showing that the table does not infringe the asserted patents.

40. The January 21, 2016, letter also explained that the Office Star BT-06FQ table had been publicly sold in the United States since at least 2005. The earliest effective filing date for the '661, '421, and '204 patents is November 1, 2012. As such, sales of the Office Star BT-06FQ tables since 2005 constitute prior art to the '661, '421, and '204 patents under 35 U.S.C. §102. Accordingly, in the extremely unlikely event the Office Star table is found to infringe the claims of the '661, '421, and '204 patents, the claims of those patents would be invalid based on the pre-2012 sales of the Office Star Tables.

41. Neither Wok & Pan nor its counsel have responded to the January 21, 2016 letter concerning the Office Star BT-06FQ table.

42. Instead of responding to the January 21, 2016 letter concerning the Office Star BT-06FQ table, on March 29, 2016, Wok & Pan filed suit against Lowe's Companies, Inc. of Mooresville, North Carolina ("Lowe's") and Office Star Products of Ontario, California, in the United States District Court for the Central District of California under Civil Action No. CV16-02137 CAS(GJS) (hereinafter "the Lowe's Action") alleging, among other things, that Lowe's and Office Star Products' sales of the Office Star BT-06FQ table infringe the '061, '661, '421, and '204 patents.

43. At the time it filed suit, Wok & Pan was aware that the Office Star BT-06FQ Table is manufactured by Maxchief, in view of the January 21, 2016 letter concerning the Office Star BT-06FQ table. Additionally, the UT-18 Table is clearly marked with numerous patents owned by Maxchief. Nevertheless, Wok & Pan chose not to sue Maxchief, the manufacturer of the Office Star BT-06FQ table, but rather Maxchief's customers in an apparent attempt to damage Maxchief's business relationships and to obtain a litigation advantage by forum shopping.

44. In view of the present action, Lowe's filed a motion to dismiss or stay the Lowe's Action. The motion was granted on August 25, 2016, and the Lowe's Action is currently stayed pending the final disposition of the present action.

COUNT I - DECLARATION OF NONINFRINGEMENT AND/OR
INVALIDITY OF U.S. PATENT NO. 5,957,061

45. Maxchief hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count I states as follows:

46. The acts of Wok & Pan as alleged herein including, but not limited to, Wok & Pan's allegations that various table manufactured by Maxchief infringe the '061 patent and its suits against Staples, Lowe's and Office Star Products, all arising from the manufacture, use, sale and/or offer of sale of tables manufactured by Maxchief, have created a present and actual controversy between Maxchief and Wok & Pan concerning the matter of whether Maxchief's tables infringe one or more of the claims of the '061 patent and whether the '061 patent is invalid.

47. The manufacture, use, sale and offer of sale of tables manufactured by Maxchief does not infringe any of the claims of the '061 patent.

48. The claims of the '061 patent are invalid for failing to meet the criteria of patentability set forth in Title 35 of the United States Code (the Patent Act) including, but not limited to, the criteria of §§ 102, 103, and 112 thereof.

## COUNT II - DECLARATION OF NONINFRINGEMENT AND/OR INVALIDITY OF U.S. PATENT NO. 8,881,661

49. Maxchief hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count II states as follows:

50. The acts of Wok & Pan as alleged herein including, but not limited to, Wok & Pan's allegations that various table manufactured by Maxchief infringe the '661 patent and its suits against Staples, Lowe's and Office Star Products, all arising from the manufacture, use, sale and/or offer of sale of tables manufactured by Maxchief, have created a present and actual controversy between Maxchief and Wok & Pan concerning the matter of whether Maxchief's tables infringe one or more of the claims of the '661 patent and whether the '661 patent is invalid.

51. The manufacture, use, sale and offer of sale of tables manufactured by Maxchief does not infringe any of the claims of the '661 patent.

52. The claims of the '661 patent are invalid for failing to meet the criteria of patentability set forth in Title 35 of the United States Code (the Patent Act) including, but not limited to, the criteria of §§ 102, 103, and 112 thereof.

### COUNT III - DECLARATION OF NONINFRINGEMENT AND/OR INVALIDITY OF U.S. PATENT NO. 8,931,421

53. Maxchief hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count III states as follows:

54. The acts of Wok & Pan as alleged herein including, but not limited to, Wok & Pan's allegations that various table manufactured by Maxchief infringe the '421 patent and its suits against Staples, Lowe's and Office Star Products, all arising from the manufacture, use, sale and/or offer of sale of tables manufactured by Maxchief, have created a present and actual controversy between Maxchief and Wok & Pan concerning the matter of whether Maxchief's tables infringe one or more of the claims of the '421 patent and whether the '421 patent is invalid.

55. The manufacture, use, sale and offer of sale of tables manufactured by Maxchief does not infringe any of the claims of the '421 patent.

56. The claims of the '421 patent are invalid for failing to meet the criteria of patentability set forth in Title 35 of the United States Code (the Patent Act) including, but not limited to, the criteria of §§ 102, 103, and 112 thereof.

## COUNT IV - DECLARATION OF NONINFRINGEMENT AND/OR INVALIDITY OF U.S. PATENT NO. 9,089,204

57. Maxchief hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count IV states as follows:

58. The acts of Wok & Pan as alleged herein including, but not limited to, Wok & Pan's allegations that various table manufactured by Maxchief infringe the '204 patent and its suit against Lowe's and Office Star Products, all arising from the manufacture, use, sale and/or offer of sale of tables manufactured by Maxchief, have created a present and actual controversy between Maxchief and Wok & Pan concerning the matter of whether Maxchief's tables infringe one or more of the claims of the '204 patent and whether the '204 patent is invalid.

59. The manufacture, use, sale and offer of sale of any and all tables manufactured by Maxchief does not infringe any of the claims of the '204 patent.

60. The claims of the '204 patent are invalid for failing to meet the criteria of patentability set forth in Title 35 of the United States Code (the Patent Act) including, but not limited to, the criteria of §§ 102, 103, and 112 thereof.

## COUNT V – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

61. Maxchief hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count V states as follows:

62. Maxchief has business relationships, either directly or indirectly through its distributors, with Ace, APEX, Staples, Meco, Coleman, Samsonite, Wal-Mart, Ameriwood, Lowe's, and Office Star Products (hereinafter "Maxchief's Customers").

63. Wok & Pan has intentionally and willfully calculated to cause damage to Maxchief's business relationships with Maxchief's Customers by sending objectively and subjectively baseless assertions of patent infringement to such Customer's alleging that

13

Maxchief's folding tables infringe Wok & Pan's patents, by sending assertions of patent infringement to Ace alleging that Maxchief's folding tables infringe an expired patent, and by filing frivolous lawsuits against Staples, Lowe's, and Office Star Products including objectively and subjectively baseless claims for patent infringement arising from sales of Maxchief's folding tables.

64. Wok & Pan's actions alleged in this Complaint were done with an intent to damage Maxchief's business relationships and to cause a termination of such relationships.

65. Wok & Pan's acts, as alleged in this Complaint, were done in bad faith with the unlawful purpose of causing damage to Maxchief.

66. Wok & Pan had no right or justifiable cause for its conduct.

67. The foregoing acts of Wok & Pan have caused Maxchief irreparable harm. Unless enjoined, Wok & Pan's acts alleged herein will continue to cause Maxchief irreparable harm, loss and injury.

## COUNT VI - FEDERAL UNFAIR COMPETITION

68. Maxchief restates the allegations of the foregoing paragraphs as if fully set forth herein, and for Count VI states as follows:

69. Wok & Pan's objectively and subjectively baseless assertions of patent infringement against Maxchief's customers made in cease & desist letters and lawsuits constitute bad faith commercial statements made in an attempt to divert customers from Maxchief and to otherwise injure Maxchief's ability to compete and have unlawfully diverted trade, goodwill, and revenue from Maxchief, whereby Defendants have been and are being unjustly enriched with other benefits proximately caused by and/or resulting from their unlawful acts as alleged herein, in violation of 15 U.S.C. § 1125.

70. The acts of Wok & Pan alleged in this Count VI have caused and will continue to cause substantial and irreparable harm, damage and injury to Maxchief for which Maxchief has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

PRAYER FOR RELIEF

WHEREFORE, Maxchief prays for relief from the court as follows:

1. That the court declare that the manufacture, use, sale and offer of sale of tables manufactured by Maxchief does not infringe any of the claims of the '061 patent.

2. That the court declare the '061 patent invalid.

3. That the court declare that the manufacture, use, sale and offer of sale of tables manufactured by Maxchief does not infringe any of the claims of the '661 patent.

4. That the court declare the '661 patent invalid.

5. That the court declare that the manufacture, use, sale and offer of sale of tables manufactured by Maxchief does not infringe any of the claims of the '421 patent.

6. That the court declare the '421 patent invalid.

7. That the court declare that the manufacture, use, sale and offer of folding manufactured by Maxchief does not infringe any of the claims of the '204 patent.

8. That the court declare the '204 patent invalid.

9. That the court enjoin and restrain Wok & Pan from and against threatening or filing or prosecuting any court actions against persons or entities making, using and/or selling tables manufactured by Maxchief.

10. That the court award Maxchief its damages and Wok & Pan's profits resulting from Wok & Pan's unfair competition and tortious interference with Maxchief's business relationships.

11. Trebling of the profits or damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under 15 USC § 1117(a) and (b), due to Wok & Pan's actions to unfairly compete with Maxchief.

12. That the court award Maxchief its reasonable attorney fees under 35 U.S.C. § 285.

13. That the court award Maxchief its reasonable attorneys' fees, costs, and expenses.

14. That the court award punitive damages in an amount to be determined at trial.

15. That Maxchief have such other and further relief as the court deems just.

Plaintiff demands a jury to try the issues joined.

September 2, 2016  Respectfully submitted,

s/Michael J. Bradford
LUEDEKA NEELY GROUP, P.C.
Mark P. Crockett-TN BPR No. 19,352
Michael J. Bradford- TN BPR No. 22,689
P.O. Box 1871
Knoxville, TN 37901
Telephone: 865-546-4305
Facsimile: 865-523-4478
Email: MCrockett@Luedeka.com
Email: MBradford@Luedeka.com

*Attorneys for Maxchief Investments Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties listed below will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Michael J. Bradford

17

Case 2:15-cv-00153-JRG-MCLC   Document 23   Filed 09/02/16   Page 17 of 17   PageID #: 241