**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION**

| | | |
|---|---|---|
| MAXCHIEF INVESTMENTS LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15-cv-00153 |
| | ) | |
| WOK & PAN, IND., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(b)(2) OR, ALTERNATIVELY, MOTION TO TRANSFER OR
FOR PARTIAL DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)**

Defendant Wok & Pan, Ind. Inc. ("Wok & Pan") hereby submits this brief in support of

its motion to dismiss the First Amended Complaint ("Amended Complaint") of Plaintiff

Maxchief Investments Limited ("Plaintiff" or "Maxchief") for lack of personal jurisdiction under

Fed. R. Civ. P. 12(b)(2), or, in the alternative, to transfer this case pursuant to 28 U.S.C. 1404(a)

to the U.S. District Court for the Central District of California, where a first-filed patent

infringement action was filed by Wok & Pan against a seller of Maxchief's products (the

"California Action"). This brief also supports Defendant's motion for partial dismissal of Count

VI of Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

In its Amended Complaint, Plaintiff Maxchief Investments Limited, an international

business entity registered in the British Virgin Islands with a principal place of business in

XiaoBian Village, ChangAn Town, DongGuan City, Guangdong Province, China, seeks

declaratory judgements that its products, which are distributed by its customers throughout the

country, do not infringe any claims of several Wok & Pan patents, namely U.S. Patent No's. 5,957,061; 8,881,661; 8,931,421, and 9,089,204 (collectively "the Wok & Pan patents"), and that the claims of these patents are invalid. In the Amended Complaint, Plaintiff has also asserted unfair competition under the Lanham Act, 15 U.S.C. § 1125, which defines a cause of action for false designations of origin, false descriptions, and dilution, as well as a state claim for tortious interference with business relationships.

Plaintiff's Amended Complaint should be dismissed for lack of personal jurisdiction over Defendant. Alternatively, this case should be transferred to the U.S. District Court for the Central District of California. Alternatively, Plaintiff's unfair competition claims should be dismissed for failure to state a claim upon which relief can be granted.

## APPLICABLE LEGAL STANDARDS

Dismissal under Fed. R. Civ. P. 12(b)(2) is appropriate when a defendant does not have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The Supreme Court has recognized two theories for evaluating whether a defendant's contacts with the forum state give rise to personal jurisdiction: specific jurisdiction and general jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). Under the specific jurisdiction theory, jurisdiction is appropriate if the defendant has the requisite minimum contacts with the forum state and the suit arises out of those same contacts. *Id*. The Federal Circuit has held that, in a declaratory judgement patent action, a defendant patentee's own commercialization activity in the forum does not support specific personal jurisdiction. *Avocent Huntsville Corp. v. Aten Int'l Co.* 552 F.3d 1324, 1335-36 (Fed. Cir. 2008). In particular, the Federal Circuit held that "a defendant patentee's mere acts of

making, using, offering to sell, selling, or importing products – whether covered by the relevant patent(s) or not – do not, in the jurisdictional sense, relate in any material way to the patent right that is at the center of any declaratory judgment claim for non-infringement, invalidity, and/or unenforceability." *Id*. at 1336.

In the Sixth Circuit, in *Southern Machine Co., Inc. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir.1968), the Court summarized a three-part test for determining whether the exercise of specific jurisdiction is consistent with due process principles: "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *401 F.2d at 381*. The Sixth Circuit has held that "each criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1303 (6th Cir.1989). "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir.1996) (quoting Burger King, 471 U.S. at 474–75, 105 S.Ct. 2174). The "injection of ... [a] product into the stream of commerce, without more, would be at best a dubious ground for jurisdiction." *See CompuServe*, 89 F.3d at 1265.

Under the general jurisdiction theory, a court may exercise personal jurisdiction over any and all claims against a defendant – regardless of the relationship between the defendant's

contacts with the forum and the subject action. However, for general jurisdiction to apply, the defendant's contacts with the forum must be so "continuous and systematic" that the defendant can effectively be considered a resident of the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The contacts must be so "constant and pervasive" that the company is "essentially at home" in the forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). The mere sending of a notice letter to an infringing party does not constitute "purposeful availment" of the recipient's forum. *See, e.g., Avocent*, 552 F.3d at 1340 (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006)) ("[T]he Federal Circuit provides that a patent owner may, without more, send cease and desist letters to a suspected infringer, *or its customers*, without being subjected to personal jurisdiction in the suspected infringer's home state.") (emphasis in original).

With regard to venue, 28 U.S.C. § 1404(a) states in pertinent part that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought …." 28 U.S.C. § 1404(a). Transfer of venue under 28 U.S.C. 1404(a) is appropriate to prevent wasting time, energy and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, 677 F. Supp. 2d 987, 991 (W.D. Tenn. 2010) (citation omitted). District courts have "broad discretion" to determine when the interest of justice or party convenience makes a transfer of venue appropriate. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). The Sixth Circuit has noted that "[t]he existence of a coercive action is important to our determination that this declaratory action would serve no useful purpose." *AmSouth Bank v. Dale*, 386 F.3d 763, 791 (6th Cir. 2004).

**ARGUMENT**

I.     **The Court Should Dismiss the Amended Complaint For Lack of Personal Jurisdiction.**

The allegations in Maxchief's Amended Complaint fail to establish a *prima facie* showing that Wok & Pan is subject to personal jurisdiction in this case – specifically or generally.   In the Amended Complaint, Plaintiff alleges that Wok & Pan has engaged in Tennessee with (i) the sale and shipment of folding tables by to a distributor located in Tennessee, and (ii) the sending of cease and desist letters to Maxchief and its customer alleging infringement of the Wok & Pan patents.  See Amended Complaint, ¶4.  As will be discussed below, neither of these activities establish that Wok & Pan is subject to personal jurisdiction in Tennessee with regard to the claims asserted in the Amended Complaint.

A.     Wok & Pan is not subject to specific personal jurisdiction in Tennessee with regard to Plaintiff's declaratory judgment patent claims.

Wok & Pan acknowledges it has sold and shipped folding tables covered by the Wok & Pan patents through distributors and retailers in Tennessee.  However, this isolated sales activity of products patented by Wok & Pan does not support the exercise of personal jurisdiction over Wok & Pan in Plaintiff's declaratory judgment claims, because the Federal Circuit has held that, in a declaratory judgement patent action, a defendant patentee's own commercialization activity in the forum does not support specific personal jurisdiction.  *Avocent*, 552 F.3d at 1335-36.  In particular, the Federal Circuit has held that "a defendant patentee's mere acts of making, using, offering to sell, selling, or importing products – whether covered by the relevant patent(s) or not – do not, in the jurisdictional sense, relate in any material way to the patent right that is at the center of any declaratory judgment claim for non-infringement, invalidity, and/or unenforceability." *Id.*  The Federal Circuit reasons that, because "the nature of the [declaratory judgement] claim ... is to clear the air of infringement charges," the claim "neither directly arises

5

out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum." *Id.* at 1332. Under these guidelines, Maxchief's allegation that Wok & Pan is selling folding tables through distributors in Tennessee fails to establish a *prima facie* case of personal jurisdiction over Wok & Pan, because Wok & Pan's commercial activity is unrelated to, and does not give rise to, Maxchief's declaratory judgment action for non-infringement and invalidity of the Wok & Pan patents.

With regard to Maxchief's allegation that Wok & Pan has made patent infringement threats against Maxchief and its customer in Tennessee, the Federal Circuit held in *Avocent* that such enforcement activity alone is not purposeful availment in the forum state because "…a patent owner may, without more, send cease and desist letters to a suspected infringer, *or its customers*, without being subjected to personal jurisdiction in the suspected infringer's home state." *Avocent*, 552 F.3d at 1340 (quoting *Breckenridge*, 444 F.3d at 1362) (emphasis in original). Thus, while Wok & Pan acknowledges it has sent cease and desist letters to Maxchief and its customers alleging infringement of the Wok & Pan patents, under *Avocent*, such notices do not subject Wok & Pan to personal jurisdiction in Tennessee in this case.

In addition, Maxchief alleges in its Amended Complaint that Wok & Pan continues to prosecute patent infringement claims against Staples, Inc., one of Maxchief's customers. See Amended Complaint, ¶4. Wok & Pan acknowledges it has sued Staples for patent infringement, but such prosecution against Staples for patent infringement is the subject of the California Action, and is therefore not an action that occurred in Tennessee, nor does it give rise to personal jurisdiction over Wok & Pan in this forum. Accordingly, this allegation fails to support the exercise of personal jurisdiction over Wok & Pan.

It should be noted that when Maxchief filed the instant declaratory judgment action against Wok & Pan, Maxchief knew that Wok & Pan had already filed the California Action

alleging infringement of the Wok & Pan patents by Staples. Given this prior knowledge of pending patent infringement claims against a significant customer of Maxchief in California, it is reasonable to presume that Maxchief may have felt threatened by Wok & Pan's infringement charges against Staples because the accused products were manufactured by Maxchief. However, under *Avocent*, such apprehension of suit fails to support the exercise of personal jurisdiction over a defendant in the suspected infringer's home state. *Avocent*, 552 F.3d at 1340.

> B. <u>Wok & Pan is not subject to specific personal jurisdiction in Tennessee with regard to Plaintiff's unfair competition claims.</u>

Concerning Plaintiff's claims of unfair competition under 15 U.S.C. § 1125, there are no alleged acts that would support or provide the basis for specific personal jurisdiction over Defendant. With regard to Plaintiff's allegation of unfair competition, the only acts of Wok & Pan which Plaintiff alleges support such claim are Wok & Pan's sending of cease and desist letters to Maxchief and its customers, and Wok & Pan's filing of lawsuits outside of this forum, alleging infringement of the Wok & Pan patents. See Amended Complaint, ¶ 69. As an initial matter, Wok & Pan's acts of sending cease and desist letters and filing lawsuits, which Plaintiff improperly characterizes as "baseless assertions of patent infringement against Maxchief's customers," in reality, constitute valid and supportable actions by Defendant to pursue enforcement of its intellectual property rights. These scenarios do not allude to facts that amount to unfair competition. They are largely conclusory, and even with Plaintiff's attempts to stretch to such a level, these allegations fall far from demonstrating that Defendant has had continuous contact with, substantial contact with, or has indeed availed itself of, this forum.

Moreover, Wok & Pan's cease and desist letters and pending lawsuits are activities which occurred elsewhere, *not* in Tennessee. The assertion in Paragraph 4 of the Amended Complaint and repeated elsewhere therein that Defendant has made "baseless threats" concerning

infringement by Maxchief's products is simply not connected to this forum, or to Tennessee in any manner. Plaintiff is engaging in blatant forum shopping by attempting to create a connection to this forum by saying that Meco, one of Plaintiff's customers, is headquartered in Greenville, Tennessee. But attempting to link Defendant to Tennessee's own Meco is irrelevant, because Plaintiff has not alleged that Defendant had communications with Meco. Rather, Plaintiff merely alleges that Wok & Pan has sued Staples, Inc., one of Meco's customers. And, as noted above, Wok & Pan's prosecution against Staples for patent infringement is the subject of the California Action, and is therefore not an action that occurred in Tennessee or gives rise to personal jurisdiction over Wok & Pan in this forum.

Plaintiff also offers some additional inconsequential scenarios occurring in Bentonville, Arkansas; Wright City, Missouri; Wichita, Kansas; Oakbrook, Illinois; and Ontario, California, as allegedly giving rise to personal jurisdiction in Tennessee. While Defendant acknowledges these scenarios give this Court insight into some of the challenges that Wok & Pan has experienced in undertaking valid pursuit of the protection and enforcement of its intellectual property rights, there are no allegations of facts in the Amended Complaint that would constitute or that might be directed toward an averment of "unfair competition" that has occurred in this forum and for which this Court should find that there is specific personal jurisdiction over Defendant for an unfair competition claim under 15 U.S.C. § 1125. None of the acts alleged to have been committed by Wok & Pan in the Amended Complaint establish "purposeful availment" of this forum or "continuous and systematic" contacts with Tennessee. Accordingly, the Amended Complaint fails to establish a *prima facie* case of specific personal jurisdiction in this case.

     C.     <u>Wok & Pan is not subject to specific personal jurisdiction in Tennessee with regard to Plaintiff's tortious interference with business relations claims.</u>

Turning to the question of specific personal jurisdiction in regards to Count V, "Tortious Interference with Business Relations," the factual connection to this forum is more than tenuous. Similar to the allegations above concerning "unfair competition," Plaintiff's allegations here are factually disconnected to its jurisdictional claims in Tennessee. There is little hint of any connection to Tennessee, other than Plaintiff allegedly having a customer here. Plaintiff mentions in passing in its Complaint that Wok & Pan may have sold some tables to a Tennessee company, but the manner of that connection is unclear, and furthermore certainly does not give establish or connect to any tortious interference in this forum. There is nothing resembling "tortious activity" that is alleged to have happened here.

Of even greater concern than the factual connection is the legal propriety of basing personal jurisdiction on a claim that arises from pendant jurisdiction. Including the state claim of "tortious interference with business relations' in the case relies on a pendant jurisdiction that consolidates this issue with the federal counts that do not arise under the same operative facts and circumstances pursuant to 28 U.S.C. § 1367. In fact, the state law claims in the Amended Complaint have nothing to do with the validity of the Wok & Pan patents or Plaintiff's infringement thereof, and do not arise under the same operative facts. While courts in the Sixth Circuit and other venues participate in consolidating issues in the manner for pendant subject matter jurisdiction under guidelines established in *United Mine Workers v. Gibbs*, 383 U.S. 715,725 (establishing a two-part test for exercising pendant jurisdiction) the proprietary of determining federal personal jurisdiction on the basis of a pendant state claim has been questioned, particularly when subjecting out of state parties to such non-federal claims. This could create a dilemma in the event the federal claims are dismissed. Past Courts have refused to assert jurisdiction over a Defendant with respect to the remaining state claim(s). *United Mine Workers* at 726. *See also: Daimler Chrysler Corp.v. Charlotte Cuno,* et al, 547 US 332 at 347

(2006); *Whitmore v. Arkansas,* 495 US 149 at 155 (1990) (cases where the Supreme Court considered the appropriateness of pendant claims toward proper finding of personal jurisdiction)[1]

With regard to Plaintiff's federal claims, as discussed above, there is simply a lack of nexus between the claims asserted by Plaintiff and the acts alleged to have been committed by Wok & Pan in Tennessee. Plaintiff's lack of nexus for personal jurisdiction based on the federal counts in this matter is not bolstered by adding a questionably-based state court claim for "tortious interference with Business Relations." Accordingly, Maxchief's Complaint fails to establish a *prima facie* case of specific personal jurisdiction in this case.

    D.    <u>Wok & Pan is not subject to general personal jurisdiction in Tennessee</u>

As for general jurisdiction, the Sixth Circuit has held that "[g]eneral jurisdiction exists when a defendant's 'contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (quoting *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002)). The Federal Circuit, quoting the Supreme Court, has stated that general jurisdiction imposes a "higher burden," requiring a finding that the defendant's contacts with the forum are "continuous and systematic general business contacts." *Avocent*, 552 F.3d at 1330 (quoting *Helicopteros*, 466 U.S. at 415-16).

Under these guiding principles, Maxchief's Complaint fails to establish that Wok & Pan has established substantial contacts with the State of Tennessee that are so "continuous and

---

[1] *See also*, "Pendant Personal Jurisdiction in the Federal Courts", William D. Fergison, Villinova Law Review Volume 11, Issue 1, January 2, 1965;"Rethinking Personal Jurisdiction, The Journal of Legal Analysis, 6J of Legal Analysis 245 Winter 2014; "Pendant Personal Jurisdiction and Nationwide Service of Process," New York University Law Review , 64NYUL 113, April 1989

systematic" that the defendant can effectively be considered a resident of the forum. The only relevant allegations found in the Complaint are conclusory and non-dispositive assertions that "Wok & Pan now has and at all times relevant hereto has had substantial contacts with the State of Tennessee in connection with the development, sale, and/or offering for sale of folding tables asserted by Wok & Pan to be covered by one or more of [the Wok & Pan patents] …" and "Additionally, Wok & Pan has made objectively baseless and bad faith patent infringement threats regarding products manufactured by Maxchief…" See Complaint, ¶4. These wholly conclusory assertions are insufficient to support general jurisdiction.

The Supreme Court has stated that it is an "exceptional case" for general jurisdiction to be available outside of a business's state of incorporation or principal place of business. *Daimler*, 134 S. Ct. at 761, n.19. For general jurisdiction to apply, contacts must be so "constant and pervasive" that the company is "essentially at home" in the forum. *Id.* at 751. In the present case, Wok & Pan does not own or maintain any offices in Tennessee, owns no property in Tennessee, has no contracts with Tennessee companies (other than arms-length agreements with distributors), is not licensed to do business in Tennessee, does not pay taxes in Tennessee, has no employees or representatives in Tennessee (or who regularly travel to Tennessee), does not have a registered agent for service in Tennessee, has attended no conferences or trade shows in Tennessee, has no Tennessee contact information, has no Tennessee bank accounts, does not litigate in Tennessee (other than this special appearance in the present suit), and does not specifically target Tennessee residents with its advertising.

As noted above, Wok & Pan acknowledges that it has sold and shipped folding tables covered by the Wok & Pan patents through distributors and retailers in Tennessee. However, these arms-length transactions do not give rise to the type of "continuous and systematic general business contacts" that would make Wok & Pan "essentially at home" in Tennessee. *Daimler*,

134 S. Ct. at 761, n.19.  At most, Wok & Pan's sales in Tennessee constitute routine commercial activity of the type that is insufficient to establish general jurisdiction in this forum.  *See, e.g,. Resolution Trust Company v. First of America Bank*, 796 F. Supp 1333, 1336-37 (C.D. Cal 1992); *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) (general jurisdiction not found despite routine advertising in national media distributed in forum state, as well as bank accounts and security interests in property within forum state.).  Moreover, these sales activities do not give rise and are not sufficiently connected to the claims of Amended Complaint to support the exercise of personal jurisdiction in this case.

Maxchief has failed to carry its burden of establishing a *prima facie* showing of personal jurisdiction over Wok & Pan via the allegations set forth in its Complaint.  Accordingly, it is respectfully submitted that Maxchief's Complaint should be dismissed for lack of personal jurisdiction.

## II.    Alternatively, the Court Should Transfer Venue to the Central District of California.

Title 28, section 1404 of the United States Code gives district courts the power to change venue in certain situations.  That statute states, in pertinent part, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought …."  28 U.S.C. § 1404(a).  Section 1404(a) is the codification of the doctrine of *forum non conveniens.  Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996).  The permissive language of Section 1404(a) suggests that district courts have "broad discretion" to determine when the interest of justice or party convenience makes a transfer of venue appropriate.  *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).  Transfer under § 1404(a)

is intended to prevent wasting time, energy and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, 677 F. Supp. 2d 987, 991 (W.D. Tenn. 2010) (citation omitted).

In considering whether to transfer venue, a district court in the Sixth Circuit must make two inquiries: (1) whether the present action might have been brought in the transferee forum and, (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum. *See B.E. Tech., LLC v. Groupon, Inc.*, 957 F. Supp. 2d 939, 942 (W.D. Tenn. 2013).

### 1. *The present action could have been brought in the Central District of California.*

The first prong of the test for transfer of venue is easily met. The United States District Court for the Central District of California is a venue in which this case might have been brought originally. Defendant Wok & Pan and Plaintiff Maxchief are both international companies that maintain principal business offices in China. Accordingly, pursuant to 28 U.S.C. § 1391(c), for venue purposes, both Wok & Pan and Maxchief "may be sued in any judicial district." 28 U.S.C. § 1391(c). As discussed above, Wok & Pan has availed itself of the Court in the Central District of California by filing the California Action. Accordingly, Wok & Pan is subject to personal jurisdiction in the Central District of California.

### 2. *The interests of justice and convenience of the parties and witnesses weigh in favor of a transfer of venue.*

When looking at the second prong of the test and deciding a motion to transfer venue, the Court may consider various factors, such as the convenience of the parties and witnesses, the accessibility of evidence, the availability of process to make reluctant witnesses testify, the costs of obtaining willing witnesses, the practical problems of trying the case most expeditiously and

inexpensively, and the interests of justice. *B.E. Tech., LLC v. Groupon, Inc.*, 957 F. Supp. 2d 939, 942 (W.D. Tenn. 2013). It is well established that the interest of justice alone may dictate transferring an action to another federal district court. *Hooker v. Burson*, 960 F.Supp. 1283, 1291 (M.D. Tenn. 1996) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986)).

It is not convenient for Wok & Pan, their lead counsel, or their potential witnesses to travel to the Eastern District of Tennessee to litigate this case. This is especially true because there is no real nexus to the Eastern District of Tennessee. The same can be said for Maxchief. On the other hand, Wok & Pan has ties to California including through WP Banquet, LLC a corporation incorporated in California and licensee of the Wok & Pan patents which sells and distributes Wok & Pan's products. Wok & Pan has maintained ties to California for many years. A transfer of venue to California would prevent the unnecessary expenditure of additional time, energy and money; would protect the parties, witnesses, and public against unnecessary inconvenience and expense; and would further the interests of justice.

The convenience of witnesses Mei-Fei Chang and Ping-Cheng Tsai, as the inventors of the Wok & Pan patents in this case, is key, as they are likely to be "the most important witness[es]." *Newegg, Inc. v. Telecomm. Sys.*, No. C 09-0982 JL, 2009 WL 1814461, at *2 (N.D. Cal. June 23, 2009). *See also Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP AJWX, 2006 WL 4568799, at *3 (C.D. Cal. Feb. 27, 2006) ("The inventors are likely to be key non-party witnesses"); *CSI Tech., Inc. v. Commtest Instruments Ltd.*, No. CIV. 08-450 RHK/JJK, 2008 WL 4057546, at *6 (D. Minn. Aug. 26, 2008) (inventors are "key non-party witnesses"). In the instant case, each of the inventors has resided in California at times and has ties to California that would alleviate the burden of travel to California. Raymond Y. Chan, the patent agent who oversaw the drafting and prosecution of three of the Wok & Pan patents, resides in California.

Plaintiffs expect Ms. Chang, Mr. Tsai and Mr. Chan to provide testimony concerning a number of important, relevant issues, including matters that directly affect determinations of infringement and invalidity, such as the design of the invention claimed in the Wok & Pan patents. Other witnesses prepared to testify for Plaintiffs, including the general manager for WP Banquet, LLC, Eric Huang, reside in California. The inventors have no ties to Tennessee, just as Wok & Pan does not have ties to Tennessee.

To the extent the Amended Complaint includes non-patent related claims, i.e., Plaintiff's claims for unfair competition and tortious interference with business relations, California is also a more convenient forum with regard to the potential evidence and witnesses for these claims. As stated above, Wok & Pan has maintained ties to California for many years. To the extent any evidence regarding its advertising or other commercial activities may be called into question, such evidence is more readily accessible in California. And, to the extend Plaintiff relies upon Wok & Pan's legitimate efforts to enforce its intellectual property rights against Staples, Inc. in the California Action, and against other entities outside of Tennessee, as grounds for maintaining its claims of unfair competition and tortious interference with business relations against Wok & Pan, the records regarding such enforcement efforts are most easily accessible in California, where Wok & Pan maintains business ties. By contrast, Wok & Pan does not maintain offices in Tennessee, nor are its records regarding its legitimate intellectual property enforcement activities kept here.

A far more efficient and effective remedy would be to transfer Maxchief's declaratory judgment action to the Central District of California, where one of Maxchief's customers is presently being sued. As the manufacturer of the accused products, Maxchief could be named as a co-defendant in the California Action. When faced with similar circumstances, the Sixth Circuit has noted that "[t]he existence of a coercive action is important to our determination that

this declaratory action would serve no useful purpose." *AmSouth Bank*, 386 F.3d at 791. The same clarification of issues which would be provided by this Court in adjudicating the present action could just as easily be provided by the U.S. District Court for the Central District of California.

District courts in the Sixth Circuit may consider a party's intention to preempt another's patent infringement suit in ruling on a dismissal of a declaratory action. *Foundations Worldwide, Inc. v. Oliver & Tate Enters., Inc.*, No. 1:13cv506, 2013 WL 4054636, at *3 (N.D. Ohio Aug. 12, 2013). The Sixth Circuit stated that, "'the Declaratory Judgment Act is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the proverbial race to the courthouse.'" *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002) (citation omitted)).

In a patent infringement case, the locus of operative facts can include where either the invention of the patent-in-suit and the patent-in-suit were designed, developed, and prosecuted. This court should not discount the importance plaintiff's documents and other evidence related to the patents-in-suit will have as to the determination of key issues that lie at the heart of this case, including the validity of the patents-in-suit, damages related to infringement, and others. These documents are located at least partially in California. When one jurisdiction is where the invention of the patent-in-suit was developed and designed, and another jurisdiction is where the allegedly infringing product was developed and designed, "both districts … are loci of operative facts." *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 354 (E.D.N.Y. 2012). In such a case where each of these forums are competing for jurisdiction, "this factor is neutral." *Id.* In the instant case, the jurisdiction where the allegedly infringing product was developed and designed is China and therefore not a viable jurisdiction for litigation. The Central District of California, being the district where the invention in the Wok & Pan patents were partially

16

developed and designed and the district where the Wok & Pan patents were drafted, refined and prosecuted, is the district which is the locus of operative facts in this case. Therefore, the Central District of California is the preferable forum for adjudication of this patent infringement case.

Maxchief's filing of its declaratory judgment action in the Eastern District of Tennessee amounts to exactly the type of improper forum shopping denounced by the Sixth Circuit. As noted above, Wok & Pan and Maxchief are both Chinese corporations with *de minimis* presence in the State of Tennessee. Maxchief was aware of the existence of the California Action at the time of the filing of the present suit. The fact that Maxchief filed its declaratory judgment action in this forum appears to be a concerted effort to secure its choice of forum in a location which would be of maximum inconvenience to Wok & Pan.

Taking the above into consideration, transfer of Maxchief's declaratory judgment action to the Central District of California is respectfully requested.

**III.     Alternatively, the Court Should Dismiss Count VI of the Amended Complaint Under Fed. R. Civ. P. 12(b)(6).**

In the alternative to the above-requested relief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Wok & Pan respectfully moves the Court to dismiss Count VI of Plaintiff's Amended Complaint, alleging federal unfair competition, for failure to state a claim upon which relief may be granted.

In pertinent part, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to

relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

In the instant case, Plaintiff has alleged that Wok & Pan has committed federal unfair competition under 15 U.S.C. § 1125 by means of Wok & Pan having made "assertions of patent infringement against Maxchief's customers made in cease & desist letters and lawsuits." See Amended Complaint, ¶ 69. However, to support a cause of action under 15 U.S.C. § 1125, the statute provides "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce […] any false or misleading description of fact, or false or misleading representation of fact, which – […] (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable" to any person who has been damaged by such an act.

In the Amended Complaint, Plaintiff merely alleges that Wok & Pan has sent cease and desist letters and filed lawsuits asserting Wok & Pan's legitimate intellectual property rights against Maxchief's customers. This activity, while directed to Maxchief's customers, is legitimate legal activity protecting Wok & Pan's intellectual property rights, and does <u>not</u> constitute "commercial advertising or promotion" activity within the meaning of 15 U.S.C. § 1125. Thus, even taking the allegations of Count VI as true, Plaintiff has failed to allege facts necessary to make out a *prima facie* case of federal unfair competition under 15 U.S.C. § 1125,

for want of commercial advertising or promotion" activity. Plaintiff has not alleged, or provided factual allegations to support, its conclusory allegations that Wok & Pan has in any way "unlawfully diverted trade, goodwill, and revenue from Maxchief." Accordingly, as to this cause of action, Plaintiff has failed to put forth a claim upon which relief can be granted.

Because Plaintiff has failed to allege facts necessary to support a *prima facie* case of federal unfair competition, the Court should dismiss Count VI of the Amended Complaint.

## CONCLUSION

Because Maxchief's Amended Complaint fails to establish a *prima facie* showing that Wok & Pan is subject to personal jurisdiction in this case, dismissal of the Amended Complaint under Fed. R. Civ. P. 12(b)(2) is respectfully requested. In the alternative, transfer of this case to the Central District of California is respectfully requested. Alternatively, dismissal of Count VI of the Amended Complaint under Fed. R. Civ. P. 12(b)(6) is respectfully requested.

Respectfully submitted this 19th day of September, 2016.

Respectfully submitted,
WOK & PAN, IND., INC.

s/ Andrew C. Lake
Andrew C. Lake (TN Reg. # 29,952)
alake@pl-iplaw.com
PITTS & LAKE, P.C.
1319 Old Weisgarber Road
Knoxville, Tennessee 37950-1295
T: (865) 584-0105

*Attorney for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of September, 2016, a copy of the foregoing BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) OR, ALTERNATIVELY, MOTION TO TRANSFER OR DISMISS UNDER FED. R. CIV. P. 12(b)(6) was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

s/ Andrew C. Lake
Andrew C. Lake
